## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Brown

### June 14, 1990

### Case No. CF900157

## By JUDGE ALFRED D. SWERSKY

The motion of defendant to strike the testimony of the Commonwealth's expert witness and for a mistrial will be granted.

The police officer testified as an expert in the areas of marijuana cultivation and use. Based on the *voir dire* as to his qualification, the Court permitted him to express his opinion on the issue of whether or not the marijuana found in defendant's apartment was for personal use. He relied on information he had obtained from the Drug Enforcement Administration as to the usual yield of marijuana plants and as to the "average" use of marijuana by an individual. He obtained this information after being requested to testify by the Commonwealth in this case. He did not know the source of DEA's information other than to speculate that it had come from a study done at the University of Mississippi.

In *Simpson v. Commonwealth*, 227 Va. 557 (1984), the Supreme Court refused to make the statute on expert testimony (§ 8.01-401.1) applicable to criminal cases and retained the common law rule that expert testimony in criminal cases must be based on facts in evidence. The Court in *Simpson*, however, found a sufficient basis in other evidence for the expert's testimony and ruled it admissible.

In *Kern v. Commonwealth*, 2 Va. App. 84 (1986), the Court of Appeals carved out an exception to this requirement

if the facts, although unproven, were the kind of facts commonly available to experts in the particular field, not prepared for the sole purpose of arriving at the specific opinion in this case, and the expert was not simply relaying this information from the source to the Court.

The expert in this case testified based in large measure on facts (yield and average use) not in evidence. Although this information was not prepared for the specific opinion rendered in this case, the effect of the officer's testimony was to simply relay the hearsay testimony from DEA to the jury. Thus, the *Kern* exception does not apply, and the testimony must be stricken.

The other grounds asserted by the defendant need not be decided in view of the Court's ruling on this issue.

For these reasons, defendant's motion is granted, the verdict set aside, and a new trial ordered if the Commonwealth should be so advised.